```
                        UNITED STATES DISTRICT COURT
                              DISTRICT OF NEVADA


DONALD D. WILLIS,                    )
                                     )
            Plaintiff,               )    Case No. 2:12-cv-01468-MMD-GWF
                                     )
vs.                                  )    ORDER
                                     )
                                     )    Application to Proceed in Forma
CHASE HOME FINANCE,                  )    Pauperis (#1) and Screening of
                                     )    Complaint
            Defendants.              )
_____  )
```

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on August 17, 2012.

## BACKGROUND

Plaintiff filed this Petition for Declaratory Judgment pursuant to Fed. R. Civ. P. 57. Plaintiff alleges that Defendant Chase Home Finance, an Ohio corporation, illegally foreclosed on his property located at 7205 Norma Street, Fort Worth, Texas, 76112. Plaintiff states that he "hereby disputes the debt and demands validation thereof." Plaintiff alleges that Defendant violated the Official Code of Georgia § 23-2-114 and § 51-1-8. Plaintiff further claims that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g)(b), arguing that Defendant has a legal duty to cease all foreclosure proceedings on his property. Plaintiff requests the Court stay all foreclosure proceedings and award Plaintiff $10 million for Defendant's illegal foreclosure practices.

. . .

. . .

. . .

**DISCUSSION**

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Willis' financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.   Instant Complaint**

As a preliminary matter, the Court notes that this Court may not be the appropriate venue to bring this action. Plaintiff appears to live in Texas, the property at issue is located in Texas and Defendant appears to be an Ohio corporation. Further, Plaintiff alleges that Defendant violated Georgia state law. Plaintiff may want to consider bringing this action in an alternate venue.

Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The FDCPA requires and prohibits certain activities by debt collectors that are done "in connection with the collection of any debt." 15 U.S.C. §§ 1692c (prohibiting certain communications), 1692d (prohibiting harassment or abuse), 1692e (prohibiting false or misleading representations), 1692f (prohibiting unfair practices), 1692g (requiring validation of debts).  The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See* 15 U.S.C. 1692k(a).

The prohibitions of the FDCPA however apply only to "debt collectors."  Under the FDCPA, a debt collector is defined as any person who uses "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 16 U.S.C. § 1692a(6).  "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* Section 1692f(6) prohibits a debt collector from taking or threatening to take "nonjudicial action to effect dispossession or disablement of property" if there is no present right to possession of the property claimed as collateral through an enforceable security interest, if there is no present intention to take possession of the property, or if the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6).

Specifically, Plaintiff alleges Defendant violated 15 U.S.C. §1692(b), which states

> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment. . .

. . .

3

Plaintiff merely states that he "hereby disputes the debt and demands validation thereof," but fails to allege that he, the consumer, actually notified the debt collector within 30 days in accordance with subsection (b). Plaintiff further fails to allege that Defendant is a debt collector within the meaning of the statute. The facts contained in the complaint are insufficient for the Court to properly screen Plaintiff's complaint. The Court will therefore grant Plaintiff leave to amend his complaint to allege facts sufficient to state a claim upon which relief can be granted.

Plaintiff additionally alleges violations of several sections of the Official Code of Georgia. The Court is unclear why Plaintiff is alleging violations of Georgia law. The land at issue is located in Texas, Plaintiff appears to be a Texas citizen and Defendant is an Ohio corporations. This action has no apparent connection to Georgia and therefore, any alleged violations of Georgia law are improper.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** Plaintiff's Complaint is **dismissed** without prejudice, with leave to amend.  Plaintiff will have until **September 19, 2012** to file an amended complaint if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in the dismissal of this action.

DATED this 23rd day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge